E-FILED
Monday, 09 November, 2026 10:38:55 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MATTHEW MARK KRIEGER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-3360** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of Defendant Social Security Administration's decision denying Plaintiff Matthew Mark Krieger's application for disability insurance benefits. Before the Court is U.S. Magistrate Judge Quivey's Report and Recommendation (Doc. 27), wherein he recommended finding that the Administrative Law Judge's decision denying benefits be affirmed as supported by substantial evidence. Plaintiff has filed Objections (Doc. 28) to the Report and Recommendation. The Court has reviewed the entire record, including the parties' initial briefs and the Social Security Transcript. (Doc. 10).

When a dispositive motion is referred to a magistrate judge, "[t[he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(1)(C). A party may file written objections to the report and recommendation within 14 days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). This Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to."

Fed. R. Civ. P. 72(b)(3). Any unobjected to portions of the report and recommendation are reviewed for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Plaintiff raises four substantive objections to the Report and Recommendation.[1] First, Plaintiff contends that the magistrate judge did not "sufficiently engage" with Plaintiff's argument that the ALJ mischaracterized Plaintiff's severe family crisis as ordinary parenting stress. Specifically, Plaintiff refers to a January 2022 medication management note wherein he told Nurse Practitioner Hansen his teenage son is "driving [him] crazy." (Doc. 10-1 at 391). Plaintiff contends the Commissioner ignores the overall context of this statement, including that Plaintiff was still recovering from a 2020 suicide attempt and was assuming emergency legal guardianship of his son at a time when his son was facing expulsion from high school. During the same visit, however, Plaintiff stated his appetite was good and he was sleeping well. NP Hansen observed Plaintiff to have a "bright" affect and Plaintiff stated that, while his son's circumstances caused him stress, he was coping while having "small stints of depression" that was not debilitating. Based on the foregoing, the magistrate judge did not err in crediting the ALJ's

---

[1] Plaintiff also points to what he claims is the "administrative carelessness" of the Report and Recommendation—specifically his misidentification as Ms. Krieger in one instance and the use of the wrong first name and an erroneous spelling of the last name of the former Commissioner of Social Security. Such scrivener's errors do not affect the analysis of the Report and Recommendation.

determination that Plaintiff's situation with his son was nothing more than typical parental stress.

Plaintiff next alleges the magistrate judge erred in not addressing the ALJ's failure to consider the highly structured nature of Plaintiff's living situation—ignoring record evidence showing his reliance on Supportive Services for Veteran Families ("SSVF") and VA housing programs throughout 2021 while transitioning from homelessness to stable housing. Specifically, Plaintiff points to a mental health administrative note dated September 1, 2021, wherein Plaintiff reported to the provider he and his son did not have a place to stay that night after being kicked out of his aunt and uncle's home and his sister would not allow them to reside with her. (Doc. 10-1 at 452). However, SSVF provided Plaintiff funding for a hotel through September 8 before he started staying with his girlfriend. (*Id.* at 444-50). The ALJ noted Plaintiff had experienced homelessness prior to his date of last insured while also enduring various stressors. However, the ALJ cited medical testimony that Plaintiff had a "fair prognosis and ability to withstand the stresses and pressures associated with day-to-day work activity." (Doc. 10 at 39). The Court finds no error concerning the consideration of Plaintiff's living situation in September 2001.

Plaintiff next alleges the magistrate judge erred in failing to acknowledge the retrospective evidence of undiagnosed congestive heart failure. Specifically, Plaintiff claims the extreme fatigue, lethargy, and physical collapse he experienced throughout 2021 suggest he was experiencing the onset of congestive heart failure, which he was diagnosed with three years later. While the opinion of a doctor who treated the claimant after the relevant period may offer a retrospective diagnosis if corroborated by evidence

during the relevant period, *see Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020), Plaintiff offers only his own speculation that those symptoms are indicative of congestive heart failure instead of depression. The Court finds no error in not acknowledging an undiagnosed condition.

Plaintiff next contends the magistrate judge did not address the flawed and incomplete hypotheticals posed to the vocational expert. Specifically, the ALJ did not ask the vocational expert whether a person could sustain competitive employment while simultaneously navigating homelessness-to-housing transitions via SSVF and managing a legal guardianship and school expulsion crisis for his son. The ALJ noted that, in September of 2021, the psychological consultative examiner noted Plaintiff received outpatient care at the VA hospital and took medication for his mental health issues. Plaintiff's major depressive disorder was found to be in remission. Plaintiff's follow-up visits indicated he continued to make progress. "Ordinarily, an ALJ's hypothetical questions to a VE must include all limitations supported by medical evidence in the record." *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009); *see also Radosevich v. Berryhill*, 759 F. App'x 492, 494 (7th Cir. 2019) ("The vocational expert must understand the claimant's limitations, including limitations in concentration, persistence, and pace."). The medical evidence and other evidence suggested the stressors identified by Plaintiff would not have prevented him from engaging in competitive employment during the period Plaintiff alleges he was disabled. The Court finds no error in the hypotheticals posed to the vocational expert.

Upon carefully considering Plaintiff's objections to the Report and Recommendation, the Court finds no error. As for the unobjected to portions, the magistrate judge did not commit clear error in recommending the denial of Plaintiff's application for disability insurance benefits. For the reasons stated herein, the Court OVERRULES Plaintiff's Objections (Doc. 28) and ACCEPTS and ADOPTS the Report and Recommendation (Doc. 27), to the extent it recommends that the ALJ's decision be affirmed. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision denying Plaintiff's application for social security benefits is AFFIRMED. The Clerk of the Court will enter judgment and terminate this case.

ENTER: November 6, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE